**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DEBORAH KATZ PUESCHEL,
Plaintiff-Appellant,

v.

No. 97-2503

RODNEY SLATER, SECRETARY,
DEPARTMENT OF TRANSPORTATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Robert E. Payne, District Judge.
(CA-97-148-A)

Argued: September 22, 1998

Decided: February 18, 1999

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** George Michael Chuzi, KALIJARVI, CHUZI & NEW-
MAN, P.C., Washington, D.C., for Appellant. Dennis Edward Szy-
bala, Assistant United States Attorney, Alexandria, Virginia, for
Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Alex-
andria, Virginia; Sharon L. Parrish, Special Assistant United States
Attorney, Mary Madeline McCarthy, Office of the Assistant Chief

Counsel, FEDERAL AVIATION ADMINISTRATION, Jamaica, New York, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Deborah Katz Pueschel appeals the district court's grant of summary judgment in favor of the Department of Transportation in her action alleging discrimination in violation of Title VII, 42 U.S.C.A. § 2000e et seq. (West 1994 & Supp. 1998) and the Rehabilitation Act, 29 U.S.C.A. § 791 et seq. (West 1999). We affirm.

I

The facts, very briefly put forth in the light most favorable to Pueschel, are these. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Pueschel, an air traffic controller employed by the Federal Aviation Administration (FAA), suffers from sarcoidosis and asthma, conditions made worse by stress. Pueschel has filed claims with the federal Office of Workers' Compensation Programs (OWCP) in connection with these ailments. Her condition further requires that she work a regular schedule, an arrangement not typically afforded to air traffic controllers. In 1993, a team of FAA and air traffic controllers' union representatives proposed that Pueschel change the hours of her shift. A discussion of her schedule induced a stress-related episode on April 5, 1994, requiring Pueschel to leave work. She has not worked at the FAA since.

II

Pueschel alleges that the FAA discriminated against her on the basis of her sex and disability in violation of Title VII and the Reha-

2

bilitation Act. More specifically, she alleges that her supervisor engaged in discriminatory behavior and that the FAA destroyed her personnel records; interfered with her OWCP claims; and discriminated against her by proposing to change her work schedule. We review a grant of summary judgment de novo. See Halperin v. Abacus Technology Corp., 128 F.3d 191, 196 (4th Cir. 1997). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact and whether the Department of Transportation is entitled to judgment as a matter of law, Pueschel's evidence is to be believed, and all justifiable inferences are to be drawn in her favor. See Anderson , 477 U.S. at 255.

Before Pueschel can succeed in her Title VII action, the statute requires that she demonstrate that there has been discrimination in respect of a "personnel action." 42 U.S.C.A.§ 2000e-16(a) (West Supp. 1998). We have defined a personnel action as an employment action that is ultimate in nature, such as hiring, firing, or promoting; contrasted are interlocutory or immediate decisions. See Page v. Bolger, 645 F.2d 227, 233 (4th Cir. 1981). The district court properly asked under Page whether an "adverse employment action" occurred, and held that the FAA had taken no such action.

At oral argument, Pueschel contended that the district court erred in applying Page, because of Supreme Court decisions that had not been announced at the time the district court ruled. In two Title VII decisions, the Supreme Court asked whether the employer took "tangible" employment action against the employee. Burlington Industries, Inc. v. Ellerth, 118 S.Ct. 2257, 2265, 2268-69 (1998); Faragher v. City of Boca Raton, 118 S.Ct. 2275, 2293 (1998). "A tangible employment action constitutes a significant change in employment status . . . ." Burlington Industries, 118 S.Ct. at 2268.

In Pueschel's case, the choice of nomenclature makes no material difference in outcome. The FAA's actions did not rise to the level contemplated by either Burlington Industries or Page. The evidence clearly indicates that Pueschel's personnel records were never

3

destroyed. There is no indication that the FAA obstructed her ability to file claims with the OWCP, and no evidence that her supervisor discriminated against her. The FAA and her supervisor merely required Pueschel to document her claims. Finally, Pueschel concedes that her work schedule was still a matter of discussion between the FAA, the air traffic controllers' union, and herself. This unrealized proposal to Pueschel's work schedule was neither a significant change to her employment status, nor was it an adverse personnel action. See Burlington Industries, 118 S.Ct. at 2268; Page, 645 F.2d at 233. The FAA is entitled to summary judgment on the Title VII claim.

III

Pueschel also challenges the district court's grant of summary judgment on her Rehabilitation Act claim. In order to establish a prima facie violation of the Rehabilitation Act, Pueschel must prove: (1) that she has a disability; (2) that she is otherwise qualified for the employment or benefit in question; and (3) that she was excluded from the employment or benefit due to discrimination solely on the basis of the disability. See Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1265 (4th Cir. 1995).

The district court assumed for summary judgment purposes that Pueschel's health condition constitutes a disability under the Rehabilitation Act, and without deciding, we shall do the same. Pueschel contends that the district court erred in finding that she was not a qualified individual under the Rehabilitation Act. Equal Employment Opportunity Commission regulations define a "qualified individual with handicaps" as a person who, "with or without reasonable accommodation, can perform the essential functions of the position in question without endangering the health and safety of the individual or others . . . ." 29 CFR § 1614.203(a)(6) (1997).

It is uncontradicted that Pueschel's physician wrote on April 6, 1994, that until further notice, Pueschel's medical condition precluded her from working. Pueschel has not worked for the FAA since April 5, 1994, and has not provided the FAA with notice of her availability to work. The evidence establishes that at the time Pueschel brought the action and throughout the litigation, her illness precluded her from working as an air traffic controller. Consequently, the Rehabilitation

4

Act imposes no liability on the Department of Transportation. In short, she is not "otherwise qualified for employment." <u>Doe</u>, 50 F.3d at 1265; 29 CFR § 1614.203(a)(6).

<u>AFFIRMED</u>

5